IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cr-437-RAH-SMD |
| | ) | |
| KENNETH GLASGOW | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Kenneth Glasgow ("Glasgow") moves to dismiss the one-count indictment charging him with drug conspiracy in violation of 21 U.S.C. § 846. *Indictment* (Doc. 1) p. 1; *Glasgow's Mot.* (Doc. 17) pp. 1-4. For the reasons that follow, the undersigned recommends that Glasgow's Motion to Dismiss (Doc. 17) be denied.

**I.    LEGAL STANDARDS**

The Fifth and Sixth Amendments to the Constitution establish the basic requirements for an indictment. *Russell v. United States*, 369 U.S. 749, 760 (1962). Under the Indictment Clause of the Fifth Amendment, "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury[.]" U.S. CONST. AMEND. V. The purpose of the Indictment Clause is to ensure that a defendant's jeopardy is limited "to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." *Stirone v. United States*, 361 U.S. 212, 218 (1960). In relevant part, the Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation[.]" U.S. CONST. AMEND. VI. The Sixth Amendment's notice requirement, combined with the Fifth Amendment's Indictment Clause, require that a defendant be

notified of the charges against him through the recitation of the elements of the offense and a description of the charges in sufficient detail to allow the defendant to maintain that future charges relating to the same conduct are precluded by a previous conviction or acquittal. *See Hamling v. United States*, 418 U.S. 87, 117 (1974). Thus, an indictment "is legally sufficient if it: '(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" *United States v. Jordan*, 582 F.3d 1239, 1245 (11th Cir. 2009) (quoting *United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002)); *see also Hamling*, 418 U.S. at 117.

In addition to these constitutional requirements, Federal Rule of Criminal Procedure 7 requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." FED. R. CRIM. P. 7. This means that an indictment tracking the language of a charged offense must also include "a statement of the facts and circumstances [that] inform the accused of the specific offense, coming under the general description, with which he is charged." *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) (quoting *Russell*, 369 U.S. at 765).

Bringing these principles together, then, an indictment that "tracks the wording of the statute" and "sets forth the essential elements" of the charged offense satisfies the requirements of the Constitution and Federal Rules of Criminal Procedure. *See United States v. Critzer*, 951 F.2d 306, 308 (11th Cir. 1992) (per curiam). An indictment that fails

to state an essential element of the charged offense is legally insufficient and must be dismissed. *See, e.g.*, *United States v. Schmitz*, 634 F.3d 1247, 1261 (11th Cir. 2011); *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006); *United States v. Bell*, 22 F.3d 274, 276-77 (11th Cir. 1994).

Under Federal Rule of Criminal Procedure 12, a defendant may bring a pretrial motion challenging the legal sufficiency of the indictment against him. FED. R. CRIM. P. 12(b)(3)(B)(v); *see also United States v. Snipes*, 2007 WL 2572198, at *1 (M.D. Fla. Sept. 5, 2007). In reviewing such a motion, a district court must determine the legal sufficiency of the indictment from the face of the indictment itself. *Critzer*, 951 F.2d at 307. A court must read the indictment as a whole and give it a common-sense construction. *See, e.g.*, *Jordan*, 582 F.3d at 1245; *United States v. Gold*, 743 F.2d 800, 812 (11th Cir. 1984). Pretrial dismissal of an indictment cannot be predicated on insufficient evidence. *United States v. Salman*, 378 F.3d 1266, 1268 n.5 (11th Cir. 2004) (per curium). Instead, pretrial dismissal is proper only where the allegations in the indictment are insufficient to support the charged offense as a matter of law. *See, e.g.*, *Schmitz*, 634 F.3d at 1261 & n.12; *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987).

**II.  ANALYSIS**

For two reasons, Glasgow argues that the indictment is insufficient and should be dismissed. First, Glasgow asserts that the indictment does not meet the requirements of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because it does not allege any of the required sentencing factors or sentencing enhancement facts. *Glasgow's Mot.* (Doc. 17) pp. 1-2. Second, Glasgow contends that, because the indictment does not include the places, acts,

3

dates, and/or locations of the alleged criminal conduct, the indictment does not meet the constitutional requirements of the Indictment Clause and the Notice Requirement of the Sixth Amendment. *Id.* at 2-5. Both arguments fail.

### 1. The indictment is sufficient under *Apprendi*.

Glasgow argues that the indictment does not meet the requirements under *Apprendi* because it does not allege the required sentencing factors or sentencing enhancement facts. *Glasgow's Mot.* (Doc. 17) pp. 1-2. Glasgow does not specify which factors or facts he believes are missing from the indictment. Based on the nature of the offense charged, however, the undersigned assumes that Glasgow takes issue with the fact that the indictment does not specify the quantity of drugs involved in the alleged conspiracy, as drug quantity could affect the sentence Glasgow receives if found guilty of the offense. *See* 28 U.S.C. § 841(b) (setting forth sentencing factors relevant based on type and quantity of controlled substance involved in § 841(a)).

*Apprendi* adopted the constitutional principle that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. *Apprendi* "necessarily looks retrospectively, rather than prospectively, at whether the criminal procedures that culminated in the actual sentence pass constitutional muster,"[1]; thus, "there is no *Apprendi* error unless the 'actual' or 'ultimate' sentence

---

[1] *United States v. Sanchez*, 269 F.3d 1250, 1280 (11th Cir. 2001).

4

imposed exceeds the statutory maximum."[2] In other words, *Apprendi* errors—whether arising from an indictment or a jury instruction—do not occur until the time of sentencing and affect, at most, the permissible sentence imposed. *McCoy v. United States*, 266 F.3d 1245, 1253 (11th Cir. 2001). Based on these principles, courts within the Eleventh Circuit have held that an indictment will not be dismissed based on a theoretical *Apprendi* issue. *United States v. Courtright*, 2010 WL 1645124, at *1 (M.D. Fla. Apr. 22, 2010); *United States v. Mosquera*, 192 F. Supp. 2d 1334, 1342 (M.D. Fla. 2002) ("[B]ecause Defendant has not been sentenced, nor has he been tried for the offense of which he is charged," his *Apprendi* arguments regarding the dismissal of the indictment are premature.).

The indictment against Glasgow charges him with conspiracy to distribute and possess with intent to distribute "a controlled substance, to wit: a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance; and a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846." *Indictment* (Doc. 1) p. 1. The Eleventh Circuit has made clear that "a § 846 or § 841 indictment that charges a defendant conspired to possess or possessed with intent to distribute cocaine base, even absent specification of a precise amount of cocaine base, still charges a complete federal offense." *Id.* Importantly, Glagow's *potential* exposure to an enhanced sentence based on the quantity of drugs involved in the alleged conspiracy does not create an *Apprendi* issue.

---

[2] *United States v. Taylor*, 317 F. App'x 944, 947 (11th Cir. 2009).

*Courtright*, 2010 WL 1645124, at *1 (citing *United States v. Sanchez*, 269 F.3d 1250, 1276 (11th Cir. 2001), abrogated in part, *United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir. 2005)). At this stage in the proceedings—prior to trial or a plea—Glasgow's *Apprendi* issue, whatever it may be, is premature. As such, his motion to dismiss the indictment on that basis should be denied.[3]

**2. The indictment is plead with sufficient particularity.**

Glasgow next argues that the indictment is legally insufficient because it does not allege the places, acts, dates, and/or locations of the alleged criminal conduct. *Glasgow's Mot.* (Doc. 17) p. 4. He asserts that, because of these omissions, the indictment lacks sufficient particularity necessary to meet the constitutional requirements of the Indictment Clause and the Notice Requirement of the Sixth Amendment. *Id.*

An indictment for conspiracy to commit an offense is not required to be as specific as an indictment for a substantive count. *See Glasser v. United States*, 315 U.S. 60, 66 (1942) ("The particularity of time, place, circumstances, causes, etc., in stating the manner and means of effecting the object or a conspiracy . . . is *not* essential to an indictment.") (emphasis added). Indeed, an indictment alleging conspiracy is "constitutionally asserted if it sets forth the essential elements of the offense, identifies co-conspirators, the object of the conspiracy, the conspiracy timeframe, and the situs of the conspiracy." *United States v. Durrett*, 2012 WL 243761, at *4 (N.D. Ga. Jan. 25, 2012) (citation omitted), *aff'd* 524

---

[3] *See Sanchez*, 269 F.3d at 1280 ("[A] defendant is not entitled to dismissal of a § 841 indictment that does not allege a specific drug quantity, whether that indictment was issued before or after *Apprendi*. Instead, whether a specific drug quantity is charged affects only the permissible statutory maximum sentence and not the sufficiency of a § 841 indictment.").

F. App'x 492 (11th Cir. July 25, 2013). This means that "[n]o overt acts in furtherance of a conspiracy need be alleged in order to survive a motion to dismiss. The specificity that [the law] requires is only that detail necessary to set forth the elements of the offense charged, as opposed to the evidentiary details establishing the commission of the crime." *United States v. Harrell*, 737 F.2d 971, 975 n. 4 (11th Cir. 19984) (citations omitted). Instead, "[s]uch specificity falls . . . within the scope of a bill of particulars[.]" *Glasser*, 315 U.S. at 66.

The indictment charges Glasgow with the crime of drug conspiracy "[b]eginning from an unknown date, and continuing through the date of this Indictment, the exact dates being unknown to the Grand Jury, within the Middle District of Alabama, and elsewhere." *Indictment* (Doc. 1) p. 1. The indictment identifies Glasgow's alleged co-conspirator but does not allege the particular acts, locations, or dates pertinent to the conspiracy charge. *Id.* As set forth below, even without these particulars, the indictment is sufficiently specific to satisfy the Indictment Clause of the Fifth Amendment and the Notice Requirement of the Sixth Amendment.

As it relates to timeframe, "great generality in the allegation of date is allowed—at least where . . . the exact time of the crime's commission is not important under the statute allegedly violated." *United States v. Steele*, 178 F.3d 1230, 1233 (11th Cir. 1999) (citing *United States v. Nunez,* 668 F.2d 10, 11-12 (1st Cir. 1981) (internal citation and quotation marks omitted) (per curiam)). Here, the indictment against Glasgow alleges an open-ended start date for the conspiracy but provides a clear end date. *Indictment* (Doc. 1) p. 1. This allegation is facially sufficient. *See United States v. Pease*, 240 F.3d 938, 942-43 (11th Cir.

2001) (upholding conspiracy indictment with open-ended start date); *United States v. Mills*, 2012 WL 12860950, at *1-2 (W.D. Va. Oct. 11, 2012) (finding facially sufficient an indictment that alleged that the defendant engaged in drug conspiracy "from a time unknown . . . until on or about January 31, 2012"); *United States v. Pena*, 2014 WL 131197, at *2 (D. S.D. Jan. 13, 2014) (finding facially sufficient an indictment that alleged that the defendant engaged in drug conspiracy "[b]eginning at an unknown date and continuing through the date of this Indictment" but allowing a bill of particulars due to the nature of the charges).

As it relates to location, an indictment need not specify the exact location of the offense, but rather must be sufficiently specific to allege that the crime was committed within the jurisdiction of the court. *United States v. Crews*, 605 F. Supp. 730, 735 (S.D. Fla. 1985). Here, the indictment specifies that the alleged offenses occurred within the Middle District of Alabama. *Indictment* (Doc. 1) p. 1. Such an allegation is facially sufficient. *See, e.g., United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983) (finding that an indictment that alleged an offense occurring within a judicial district was sufficient to describe the location of the offense); *United States v. Williams*, 2010 WL 3488131, at *4 (N.D. Ga. Aug. 2, 2010) (finding that an indictment that alleged that the offenses occurred in "the Northern District of Georgia and elsewhere" was properly pleaded).

Finally, as it relates to the acts forming the basis of the drug conspiracy charge, an indictment is not required to set forth the overt acts of the conspiracy. *United States v. Hawkins*, 661 F.2d 436, 454 (5th Cir. 1981). Here, the indictment against Glasgow alleges that he conspired to distribute and possess with intent to distribute a detectable amount of

cocaine hydrochloride and a substance containing a detectable amount of cocaine base. *Indictment* (Doc. 1) p. 1. The indictment also alleges with whom Glasgow conspired. *Id.* These allegations are facially sufficient. *Hawkins*, 661 F.2d at 454 ("[A]n indictment charging a violation of 21 U.S.C.A. s 846 . . . 'is sufficient if it alleges a conspiracy to distribute (or import) drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege or prove any specific overt act in furtherance of the conspiracy.'").

### III.   CONCLUSION

The indictment against Glasgow is facially sufficient to satisfy the Fifth Amendment's Indictment Clause and the Sixth Amendment's notice requirement. Further, the indictment does not run afoul of *Apprendi* requirements. Accordingly, the undersigned

RECOMMENDS that Glasgow's Motion to Dismiss Indictment (Doc. 17) be DENIED. Further, it is

ORDERED that the parties shall file any objections to this Recommendation on or before **December 30, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 16th day of December, 2021.

/s/ Stephen M. Doyle

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE