IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO.: 1:21-cr-437-RAH |
| | ) |
| KENNETH GLASGOW | ) |

**ORDER**

On October 27, 2021, Defendant Kenneth Glasgow ("Glasgow") was charged in an indictment (Doc. 1) with conspiracy to distribute a controlled substance in violation of 18 U.S.C. § 841(a)(1) and § 846. On November 22, 2021, he filed a motion to dismiss indictment (Doc. 17), wherein he asserts: (1) the indictment does not meet the requirements of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because it does not allege any of the required sentencing factors or enhancement facts; and (2) the indictment does not meet the requirements of the Fifth Amendment and notice requirement of the Sixth Amendment because it does not include the places, acts, dates, and/or locations of the criminal conduct.

The Magistrate Judge recommended the Court deny the Motion to Dismiss Indictment. (Doc. 23.) On December 29, 2021, Glasgow filed Objections to the Recommendation of the Magistrate Judge. (Doc. 24.) Upon an independent and *de novo* review of the record, and for the reasons that follow, the Court concludes that the Objections are due to be OVERRULED and the Motion to Dismiss

Indictment is due to be DENIED.

## I. STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommendation; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED.R.CRIM.P. 59(b)(3).

## II. DISCUSSION

### A. The Indictment

Count One of the Indictment charges, in pertinent part, the following:

> Beginning from an unknown date, and continuing through the date of this Indictment, the exact dates being unknown to the Grand Jury, within the Middle District of Alabama, and elsewhere, the defendants . . . and others, knowingly and intentionally conspired, combined and agreed together and with others to distribute and possess with intent to distribute a controlled substance, to wit: a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance; and a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846.

### B. The Time Frame

Glasgow objects to the Magistrate Judge's determination that the indictment sets forth "an open-ended start date for the conspiracy but provides a clear end date."

(*See* Recommendation, Doc. 23 at 7.)  Glasgow asserts that, because there is "no approximate start date, not even one beginning 'on or before' a certain date, [] it totally fails to provide [him] with a beginning date of the alleged conspiracy and fails to provide the notice guaranteed by the Sixth Amendment or the grand jury protections afforded by the Fifth Amendment." (Doc. 24 at 3-4.)

In support of his argument that the indictment is invalid, Glasgow cites *United States v. Cecil*, 608 F.2d 1294, 1297 (9th Cir. 1979).[1] In *Cecil*, the Ninth Circuit reversed the defendant's convictions because the indictment did not provide sufficient information of the alleged charges. However, in that case, the indictment offered no particular timeframe as to the beginning and the end of the conspiracy. *Id*. (holding that the indictment was insufficiently specific because it was "open-ended in *both directions*") (emphasis added). In this case, the indictment provides a particular date on which the conspiracy ended, *i.e*. "through the date of this Indictment" (October 27, 2021). (Doc. 1.)

The Eleventh Circuit has previously distinguished *Cecil*.  For example, in *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983), the court held that, although the open-ended timeframe in *Cecil* was insufficient, the indictment

---

[1] Glasgow also cites *United States v. Vassar*, 346 F. App'x 17, 19 (6th Cir. 2009), which cites *United States v. Cecil*, 608 F.2d 1294, 1297 (9th Cir. 1979), for the proposition that "Courts have found indictments insufficient where they are open-ended as to both beginning and ending dates."  In *Vassar*, the Sixth Circuit found an indictment charging that the conspiracy began "on or before January 1, 2004, until on or about August 24, 2005" was sufficient.  346 F. App'x at 19.

charging Yonn with a conspiracy from "June 1, 1981 until the date of the indictment (November 24, 1981)" was sufficient. In Glasgow's case, the indictment is not open ended because the timeframe ends on a date certain.

Glasgow argues that the indictment in his case is constitutionally deficient because there is no approximate start date. As discussed in the Recommendation (Doc. 23 at 7-9), "great generality in the allegation of date is allowed – at least where . . . the exact time of the crime's commission is not important under the statute allegedly violated." *United States v. Steele*, 178 F.3d 1230, 1233 (11th Cir. 1999) (citations omitted). Thus, an indictment charging a drug conspiracy beginning on an unknown date and continuing through a specific date is facially sufficient. *See United States v. Pena*, No. CR 13-40050-02-KES, 2014 WL 131197, at *2 (D.S.D. Jan. 13, 2014) (charging 21 U.S.C. § 841(a)(1) and § 846); *United States v. Mills*, 2012 WL 12860950 (W.D. Va. Oct. 11, 2012) (charging 21 U.S.C. § 841(a)(1) and (b)(1)(A)). The objection to the Magistrate Judge's determination regarding the sufficiency of the timeframe for the offense is overruled.

### C. The Specific Details

Glasgow objects to the Magistrate Judge's determination that the allegations in the indictment are facially sufficient. He argues the indictment fails to specify the co-conspirators, the overt acts and counts, and the timing and terms of the agreement. The indictment clearly identifies at least one codefendant with whom

Glasgow allegedly conspired. (Doc. 1.)  Moreover, as discussed by the Magistrate Judge, the indictment alleges that Glasgow conspired to distribute and possess with the intent to distribute a detectable amount of cocaine hydrochloride and a substance containing a detectable amount of cocaine. (Doc. 23 at 8-9.)  The Court agrees the allegations of the conspiracy charge are facially sufficient.  *See United States v. Hawkins*, 661 F.2d 436, 454 (5th Cir. 1981). Thus, Glasgow's objection is overruled.

## CONCLUSION

For the reasons as stated, the Court concludes that the Motion to Dismiss Indictment is due to be denied.   Accordingly, it is

ORDERED as follows:

1. Glasgow's Objections (Doc. 24) are OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. 23) to deny the Motion to Dismiss Indictment is ADOPTED; and

3. The Motion to Dismiss Indictment (Doc. 17) is DENIED.

DONE, on this the 5th day of April, 2022.

                         /s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE