IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  1:21-CR-437-RAH-SMD |
| | ) | |
| KENNETH CHERDEN GLASGOW, | ) | |
| a.k.a. KENNETH SHARPTON GLASGOW) | | |

## PLEA AGREEMENT

## I. BACKGROUND INFORMATION

**A.    Attorneys**

Defense Attorney:                          George L. Beck, Jr.
                                                      Derek E. Yarbrough
                                                      James W. Parkman

Assistant United States Attorney:    Megan A. Kirkpatrick
                                                      Brandon W. Bates
                                                      Stephen K. Moulton

**B.    Counts and Statutes Charged**

Count 1:      26 U.S.C. § 7201 – tax evasion

Count 2:      18 U.S.C. § 1341 – mail fraud

Count 3:      21 U.S.C. § 846 – conspiracy to possess with intent to distribute cocaine base

**C.    Counts Pleading Pursuant to Plea Agreement**

Count 1:      26 U.S.C. § 7201

Count 2:      18 U.S.C. § 1341

Count 3:      21 U.S.C. § 846

**D.    Statutory Penalties**

Count 1:      26 U.S.C. § 7201

A term of imprisonment of not more than 5 years, a fine of not more than $250,000, or

twice the gross loss or twice the gross gain involved in the offense, whichever is greater, or both the fine and imprisonment; a term of supervised release of not more than 3 years; an assessment fee of $100; and an order of restitution.

Count 2:        18 U.S.C. § 1341

A term of imprisonment of not more than 20 years, a fine of not more than $250,000, or twice the gross loss or twice the gross gain involved in the offense, whichever is greater, or both the fine and imprisonment; a term of supervised release of not more than 3 years; an assessment fee of $100; and an order of restitution.

Count 3:        21 U.S.C. § 846

A term of imprisonment of not more than 20 years, a fine of not more than $1,000,000, or both the fine and the imprisonment; a term of supervised release of not less than 3 years; and an assessment fee of $100.

## E.    Elements of the Offenses

| | | |
|---|---|---|
| Count 1: | | 26 U.S.C. § 7201 |
| | First: | An affirmative act constituting an attempt to evade or defeat a tax or the payment thereof; |
| | Second: | An additional tax due and owing; and |
| | Third: | Willfulness. |

| | | |
|---|---|---|
| Count 2: | | 18 U.S.C. § 1341 |
| | First: | The defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises; |
| | Second: | The false or fraudulent pretenses, representations, or promises were about a material fact; |
| | Third: | The defendant intended to defraud someone; and |
| | Fourth: | The defendant used the United States Postal Service by mailing or by causing to be mailed something meant to help carry out the scheme to defraud. |

| | | |
|---|---|---|
| Count 3: | | 21 U.S.C. § 846 |
| | First: | Two or more people in some way agreed to try and accomplish a shared and unlawful plan to possess with intent to distribute cocaine base; |
| | Second: | The defendant knew the unlawful purpose of the plan and willfully joined in it; and |
| | Third: | The object of the unlawful plan was to possess with the intent to distribute cocaine base. |

2

## II. INTRODUCTION

Megan A. Kirkpatrick, Brandon W. Bates, and Stephen K. Moulton, Assistant United States Attorneys, and George L. Beck, Jr., Derek E. Yarbrough, and James W. Parkman, attorneys for the defendant, Kenneth Cherden Glasgow, a.k.a. Kenneth Sharpton Glasgow, pursuant to Rule 11(c)(1)(A) and Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, with the authorization of the defendant, submit this plea agreement. The terms are as follows.

## III. THE GOVERNMENT'S PROVISIONS

1.    Pursuant to Rule 11(c)(1)(B), the government agrees to recommend a sentence of no greater than the bottom, that is, the lowest number, of the advisory Guidelines range, as calculated by the Court at the sentencing hearing.

2.    The government acknowledges that the defendant assisted authorities in the investigation and prosecution of the defendant's own misconduct by timely notifying the government of the defendant's intention to enter a guilty plea, thereby permitting the government to avoid preparing for trial and allowing the government and the Court to allocate resources efficiently. Provided the defendant otherwise qualifies, and that the defendant does not, before the date of the sentencing hearing, either personally or through the actions of the defense attorney on behalf of the defendant, take any action inconsistent with the acceptance of responsibility, the government will move at or before the sentencing hearing for a further reduction of one level. *See* U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for a reduction pursuant to § 3E1.1(b) is at the sole discretion of the government. Further, the government reserves the right to oppose the defendant's receiving a two-level reduction pursuant to § 3E1.1(a) should the government receive information indicating that, between the

3

date of the plea hearing and the date of the sentencing hearing, the defendant, either personally or through the actions of the defense attorney on behalf of the defendant, has acted inconsistently with the acceptance of responsibility.

   3.      Pursuant to Rule 11(c)(1)(B), the government agrees to recommend that, for the purposes of calculating the defendant's advisory Guidelines range:

   (a) With respect to Count 1, the tax loss is between $250,000 and $550,000. *See* U.S.S.G. §§ 2T1.1, 2T4.1. This amount includes the tax due and owing for tax year 2016 of $29,288; the tax due and owing for tax year 2017 of $183,907; the tax due and owing for tax year 2018 of $117,249; and the tax due and owing for 2019 of $46,276, for a total amount of tax due and owing of $376,720. In addition, under U.S.S.G. § 2T1.1, both the 2-point enhancement for failing to report income exceeding $10,000 in a year from criminal activity and the 2-point enhancement for using sophisticated means apply.

   (b) With respect to Count 2, the loss amount is no less than $95,000, and no more than $250,000. *See* U.S.S.G. § 2B1.1.

   (c) Glasgow abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense. *See* U.S.S.G. § 3B1.3.

The government reserves the right to argue for or against the application of any other specific offense characteristic or Chapter 3 adjustment. Additionally, the government reserves the right to provide information to the United States Probation Office (Probation) regarding the defendant's criminal history. This agreement does not obligate the government to make any recommendation

4

regarding the defendant's criminal history score or resulting criminal history category.

      4.     Pursuant to Rule 11(c)(1)(A), the government agrees that it will not bring any additional charges against the defendant; the defendant's mother, Earnestine "Tina" Glasgow; the defendant's significant other, Rodreshia Russaw; or the defendant's daughter, Kenyetta Rich, for the conduct described in the Information.

## IV.   THE DEFENDANT'S PROVISIONS

### A.   Plea and Sentencing

      5.     The defendant agrees to plead guilty to Counts 1, 2, and 3 and to make factual admissions of guilt in open court. The defendant further agrees to waive any right the defendant may have to subsequently withdraw the guilty plea pursuant to Rule 11(d). The defendant also promises to refrain from taking any action inconsistent with the defendant's acceptance of responsibility for the offense to which the defendant is pleading guilty.

      6.     The defendant agrees to accept the guideline recommendations made by the government in paragraph 3.

      7.     The defendant reserves the right to request a downward variance, that is, a sentence below the bottom, that is, the lowest number, of the advisory Guidelines range.

      8.     The defendant acknowledges that the defendant will not be allowed to withdraw the guilty plea in the event that the Court does not accept any or all of the recommendations made pursuant to Rule 11(c)(1)(B). The defendant also understands that the defendant will be allowed to withdraw the guilty plea in the event that the Court does not accept any or all of the provisions set forth pursuant to Rule 11(c)(1)(A).

      9.     The defendant agrees not to commit any other federal, state, or local offense while

awaiting sentencing, regardless of whether that offense is charged or chargeable. The defendant agrees to provide truthful information to Probation and to the Court in all presentence and sentencing proceedings.

**B.     Fines and Restitution**

10.     The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of the Court. The defendant acknowledges that the full fine and restitution amounts shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of Probation at any time, the defendant agrees that the United States Bureau of Prisons and Probation will have the authority to establish payment schedules to ensure payment of the fine and restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off from federal payments, execution on non-exempt property, and any other means the government deems appropriate. The defendant also agrees that the defendant may be contacted by government officials regarding the collection of any financial obligation imposed by the Court without notifying the defendant's attorney and outside the presence of the defendant's attorney.

11.     To facilitate the collection of financial obligations imposed in this case, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Further, the defendant will, if requested by the government, promptly submit a completed financial statement to the Office of the United States Attorney for the Middle District of Alabama in a form the government provides and as the government directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

6

The defendant expressly authorizes the government to obtain a report on the defendant's credit in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

12.     The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this agreement or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

13.     The defendant agrees to pay the $300 assessment fee on the date of sentencing.

14.     The defendant agrees to pay restitution to the Internal Revenue Service pursuant to 18 U.S.C. § 3663(a)(3). The specific terms of this agreement that relate to this restitution are as follows:

> a. The defendant agrees that the total amount of restitution reflected in this agreement results from the defendant's fraudulent conduct, which includes the crime charged in the Information as well as relevant conduct.
>
> b.  The total amount of restitution consists of the following:

| Tax Year | Amount to be paid to the IRS (excluding penalties and interest) |
|----------|-----------------------------------------------------------------|
| 2016     | $29,288                                                         |
| 2017     | $183,907                                                        |
| 2018     | $117,249                                                        |
| 2019     | $46,276                                                         |
| **TOTAL** | $376,720                                                       |

> c.  The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the

7

schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of the restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

d.  The defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. The defendant understands and agrees that the plea agreement does not resolve the defendant's civil tax liabilities, and the IRS may seek additional taxes, interest, and penalties from the defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the Defendant's obligation to pay any remaining civil tax liability. The defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

e. The defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

f. If full payment cannot be made immediately, the Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Defendant also agrees to provide the above-described information to the probation office.

g. If the defendant makes a payment of the restitution agreed to in this plea agreement, the payment will be applied as a credit against the restitution ordered at sentencing.

15.     The defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of Court at the following address:

> United States District Court Clerk
> Middle District of Alabama
> One Church Street
> Montgomery, Alabama 36104

16.     With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the defendant will provide the following information:

A. Defendant's name and Social Security number
B. The District Court and the docket number assigned to this case;
C. Tax year(s) or period(s) for which restitution has been ordered; and
D. A statement that the payment is being submitted pursuant to the District Court's restitution order.

The defendant agrees to include a request that the Clerk of the Court send the information, along with the defendant's payments, to the IRS address below:

IRS – RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.

Kansas City, MO 64108

17.     The defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

IRS – RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

## C.     Freedom of Information Act Waiver

18.     The defendant agrees to waive and hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, but not limited to, any records that may be sought under the Freedom of Information Act, *see* 5 U.S.C. § 552, or the Privacy Act of 1974, *see* 5 U.S.C. § 552a.

## V.     FACTUAL BASIS

19.     The defendant admits the allegations charged in the Information and understands that the nature of the charges to which the plea is offered involves proof as to Counts 1, 2, and 3. Specifically, the defendant admits the following to be true and correct:

Count 1: 26 U.S.C. § 7201, tax evasion

a.   Before the time period relevant to this Information, the defendant, Kenneth Cherden Glasgow, a.k.a. Kenneth Sharpton Glasgow, was the founder of The Ordinary Peoples Society (TOPS), a public charity that was tax-exempt under 26 U.S.C. § 501(c)(3). He also founded the Prodigal Child Project (PCP) as a social welfare organization exempt from taxation under 26 U.S.C. § 501(c)(4).

10

b.  By definition, a public charity is tax exempt under 26 U.S.C. § 501(c)(3) only if "no part of the net earnings of [the charity] inures to the benefit of any private shareholder or individual," among other things.

c.  By definition, a social welfare organization is tax exempt under 26 U.S.C. § 501(c)(4) only if "no part of the net earnings or such entity inures to the benefit of any private shareholder or individual."

d.  Glasgow solicited donations from various foundations, nonprofit groups, and individuals, seeking grants and donations for TOPS and PCP. Glasgow maintained bank accounts for TOPS at Wells Fargo, BBVA Compass, and Regions Bank. He concealed the existence of the Regions Bank account from the return preparer who assisted him in filing the Forms 990 with the IRS. For all TOPS bank accounts, Glasgow and Person 1 were the only signatories during the relevant time period.

e.  During the calendar year 2018, in Houston County, within the Middle District of Alabama, Glasgow received taxable income, upon which there was tax due and owing to the United States of $117,249.

f.  Glasgow knew the foregoing facts and failed to make an income tax return on or before April 15, 2019, as required by law.

g.  Glasgow willfully attempted to evade and defeat income tax due and owing by failing to provide records from the TOPS Regions Bank account to the return preparer who prepared and filed the 2018 Form 990 for TOPS.

h.  During the calendar year 2018, Glasgow willfully attempted to evade and defeat income tax due and owing by withdrawing a total of approximately $407,450.00 in

11

cash from the three TOPS bank accounts and failing to document these expenditures within the TOPS records or to the return preparer.

i.  Glasgow willfully attempted to evade and defeat income tax by concealing the cash he obtained from TOPS, causing the return preparer to file a 2018 Form 990 for TOPS that falsely declared that Glasgow received no reportable compensation and that no excess benefits were provided to any prohibited persons.

j.  Glasgow willfully attempted to evade and defeat income tax by signing and mailing a form, in or about May 2021, directed to the Social Security Administration under penalty of perjury denying that he had any self-employment income to report from 2011 to 2021, which included tax year 2018.

Count 2: 18 U.S.C. § 1341, mail fraud

k.  During all times relevant to the information, Glasgow received Social Security Disability benefits as well as associated Medicare and Medicaid benefits.

l.  On or about May 6, 2021, the Social Security Administration sent to Glasgow by U.S. Mail several forms, including a Continuing Disability Review Form SSA-454-BK, an Adult Function Report Form 3373, and a Work Activity Form SSA-821-BK, directing him to complete the forms and mail them back.

m. On or about June 7, 2021, Glasgow completed these forms and caused them to be delivered by U.S. Mail to the Social Security Administration. In order to deceive the Social Security Administration and continue receiving benefits, Glasgow made the following false statements:

12

1. On Form SSA-454-BK, Glasgow reported his typical day as follows: "Get up about 6 am. Stay up for about an hour. Go back go sleep. Take medicine. Get up about 8, shower, then go to visit elderly if I don't have to go to doctor. Talk a lot on the phone and preach and minister to those I can to try to keep my mind off of my pain."

2. On Form SSA-454-BK, Glasgow reported difficulty performing the following tasks: dressing; bathing; preparing meals; doing chores (inside/outside house); driving or using public transportation; shopping; walking; standing; lifting objects; using arms; using hands or fingers; sitting; seeing, hearing, or speaking; concentrating; remembering; understanding or following directions; and completing tasks. He left blank the question asking whether he had difficulty managing money.

3. On Form SSA-3373, Glasgow indicated that he went outside "daily" and that he traveled by riding in a car rather than driving.

n. As Glasgow then knew, these statements were false for the following reasons.

1. On TOPS's 2018 Form 990, Glasgow reported working for TOPS for 60 hours per week for no compensation. Similarly, on PCP's 2018 Form 990, Glasgow reported working for PCP for 50 hours per week with zero compensation. This contradicts his representations to the Social Security Administration about his daily activities between 2011 and 2021.

2. Beginning on or about April 26, 2018, and continuing through on or about April 1, 2021, Glasgow rented a vehicle each month from Dealership 1

13

using TOPS funds. On the majority of the monthly lease agreements, he was listed as the sole authorized driver. During all years relevant to this information, he got around by driving these rental vehicles, contradicting his statement to the Social Security Administration that he traveled by riding with others. In addition, between February 5, 2015, and August 11, 2020, Glasgow received traffic citations relating to approximately 27 different traffic stops, all of which indicated that he was the driver.

3. During all years relevant to this information, Glasgow solicited and deposited donations from multiple nonprofits and managed the finances of TOPS and PCP. This contradicts his representations that he had difficulty concentrating, remembering, understanding or following directions, and completing tasks. In addition, it indicates that he had no trouble managing money, though he left that question blank on Form SSA-454-BK.

o. Glasgow made these false statements and mailed the forms to the Social Security Administration, intending that the Social Security Administration would continue paying him benefits and that he would continue to receive related health benefits under the Medicare and Medicaid programs. These false statements were all material to the Social Security Administration's determination of whether he remained eligible for disability benefits.

14

Count 3: 21 U.S.C. § 846, conspiracy to possess with intent to distribute cocaine

      p. Beginning at an unknown date and continuing through on or about August 12, 2020,

in Houston County, within the Middle District of Alabama, Glasgow and others

knowingly and intentionally conspired, combined and agreed together and with others

to possess with intent to distribute a controlled substance, to wit: a mixture and

substance containing a detectable amount of cocaine base, a Schedule II controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1).

## VI.    THE DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

    20.    Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the

sentence under certain circumstances, the defendant expressly waives any and all rights conferred

by 18 U.S.C. § 3742 to appeal the conviction or sentence. The defendant further expressly waives

the right to attack the conviction or sentence in any post-conviction proceeding, including

proceedings pursuant to 28 U.S.C. § 2255. Exempt from this waiver is the right to appeal or

collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or

prosecutorial misconduct.

    21.    In return for the above waiver by the defendant, the government does not waive its

right to appeal any matter related to this case, as set forth at 18 U.S.C. § 3742(b). However, if the

government decides to exercise its right to appeal, the defendant is released from the appeal waiver

and may pursue any appeal pursuant to 18 U.S.C. § 3742(a).

## VII.    BREACH OF THE PLEA AGREEMENT

    22.    The parties agree that the issue of whether either party has breached this agreement

at any time is one that will be resolved by the Court by a preponderance of the evidence, except as

set forth in paragraph 23. The parties agree that, should either party obtain information causing the party to develop a good faith belief that the other party has breached this agreement, then the party will promptly file a written motion—or make an oral motion if doing so would be more expedient—asking that the Court declare the other party to be in breach of the plea agreement.

23.     The parties agree that a breach of the plea agreement by the defendant would include, but not be limited to: (1) failing to fulfill each of the defendant's obligations under this plea agreement; (2) committing new criminal conduct; or (3) seeking to withdraw the guilty plea or otherwise engaging in conduct inconsistent with an acceptance of responsibility. Should the Court find the defendant to have breached this agreement: (1) the government will be free from its obligations under this agreement; (2) the defendant will not be permitted to withdraw the guilty plea; (3) the defendant's obligations and waivers under this agreement will remain in full force and effect; (4) the defendant will be subject to prosecution for other crimes; and (5) the government will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements by the defendant and any information or materials provided by the defendant, including statements made during the plea hearing and all statements made by the defendant pursuant to proffer letters.

24.     The parties agree that, in the event that the defendant breaches this agreement by committing new criminal conduct, the government will be required to only establish probable cause to believe that the defendant committed a new criminal offense for the Court to find the defendant in breach of the plea agreement.

25.     The parties agree that, should the Court find the government in breach of this plea agreement, the defendant may cancel this agreement and thus be released from the appellate and

collateral attack waivers. The parties further agree that a breach of the plea agreement by the government will not automatically entitle the defendant to withdraw the guilty plea and, if the defendant should seek to withdraw the guilty plea on the basis of such a breach, then the defendant will be required to file a motion pursuant to Rule 11(d), which the government could oppose.

## VIII.   THE DEFENDANT'S ACKNOWLEDGEMENTS

26.    The defendant acknowledges that the Court is neither a party to nor bound by this agreement. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the Court will determine the advisory Guidelines range and the sentence. The defendant acknowledges that the defendant and the defendant's attorney have discussed the advisory Guidelines and the statutory sentencing factors set forth at 18 U.S.C. § 3553(a) and the defendant understands how those provisions may apply in this case. The defendant further understands that the defendant will have no right to withdraw a guilty plea on the basis that the Court calculates an advisory Guidelines range that differs from the range projected by the defense attorney or the government.

27.    The defendant acknowledges that the defendant authorized and consented to the negotiations between the government and the attorney for the defendant that led to this agreement.

28.    The defendant understands that: (1) in pleading guilty, the defendant may be required to make statements under oath; and (2) the government has a right to use against the defendant, in a prosecution for perjury or for making a false statement, any statement that the defendant makes. However, as the defendant understands, the government may not use as evidence against the defendant in any future proceeding involving the charges alleged in the Information or related offenses, the defendant's guilty plea if the Court permits the defendant to withdraw that

17

guilty plea.

29.     The defendant understands that if the defendant pleads guilty pursuant to this agreement and the Court accepts that guilty plea, the defendant will waive certain rights, namely: (1) the right to plead not guilty or to persist in a plea of not guilty; (2) the right to a jury trial; (3) the right to be represented by counsel—and, if necessary, to have the Court appoint counsel— at trial and at every other stage of the proceeding; and (4) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

30.     The defendant understands: (1) the nature of each charge to which the defendant is pleading guilty; (2) the maximum and minimum possible penalties associated with each charge to which the defendant is pleading guilty, including imprisonment, fine, and a term of supervised release; (3) any applicable mandatory minimum penalty associated with a charge to which the defendant is pleading guilty; (4) any applicable forfeiture provision applicable to a charge to which the defendant is pleading guilty; (5) the Court's authority to order restitution; and (6) the Court's obligation to impose a special assessment.

31.     The defendant confirms that the entirety of any agreement between the defendant and the government is as set forth in this agreement and any addendum to this agreement and that the government has not made any promises to the defendant other than those contained in this agreement and any addendum to this agreement. This agreement consists of 20 pages and 36 paragraphs and an addendum.

32.     The defendant confirms that counsel has competently and effectively represented the defendant throughout the proceedings leading to the entry of a guilty plea.  The defendant is

18

satisfied with such representation.

33.     The defendant acknowledges that the defendant enters this plea agreement and pleads guilty freely and voluntarily. That is, the defendant acts without being influenced by any threats, force, intimidation, or coercion of any kind.

34.     The defendant understands that this agreement binds only the Office of the United States Attorney for the Middle District of Alabama and that the agreement does not bind any other component of the United States Department of Justice, nor does it bind any state or local prosecuting authority.

## IX.     THE ATTORNEYS' ACKNOWLEDGEMENTS

35.     The attorneys for the government and for the defendant acknowledge that this plea agreement contains the entirety of any agreement between the parties and that the parties reached this plea agreement in accordance with the procedure set forth at Rule 11.

36.     The attorney for the defendant confirms that the attorney for the defendant advised the defendant of: (1) the nature of the charges to which the defendant is pleading guilty; (2) the penalties associated with those charges; (3) the rights that the defendant is waiving by pleading guilty; and (4) the possibility that statements made by the defendant under oath during a plea hearing may be used against the defendant in a subsequent prosecution for perjury or for making a false statement.

This __24th__ day of __February__, ~~2022~~. **2023**

Respectfully submitted,

SANDRA J. STEWART
UNITED STATES ATTORNEY

John J. Geer, III                                 Kenneth Glasgow
Criminal Chief                                    Defendant

Megan A. Kirkpatrick                               George L. Beck, Jr.
Assistant United States Attorney                   Attorney for the Defendant

Brandon W. Bates                                   Derek E. Yarbrough
Assistant United States Attorney                   Attorney for the Defendant

Stephen K. Moulton                                 James W. Parkman
Assistant United States Attorney                   Attorney for the Defendant

20